UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ALEXANDRA J. DROUHARD,

Plaintiff,

v. Case No.: 2:26-cv-2098-SPC-NPM

GRANGE LIFE INSURANCE COMPANY, KANSAS CITY LIFE INSURANCE COMPANY, PATRICIA MACK, and JOIE A. GREGOR as Trustee of the Patricia Mack 2022 Irrevocable Trust,

Defendants.
_______________________________/

**OPINION AND ORDER**

Before the Court are Plaintiff Alexandra J. Drouhard's *pro se* Motion to Remand (Doc. 13) and Supplement Regarding Conferral (Doc. 18), which indicates the motion is opposed. Defendants Grange Life Insurance Company ("Grange Life") and Kansas City Life Insurance Company ("Kansas City Life") filed an Opposition, and both sides, with leave of Court, filed replies. (Docs. 19, 27–28).

**Background**

On April 16, 2026, Plaintiff initiated this action in the Twentieth Judicial Circuit Charlotte County Circuit Court. (Doc. 1-2). On May 5, 2026, she filed an Amended Complaint adding Kansas City Life. (Doc. 1-2). Defendant

Patricia Mack was served on June 10, 2026, Grange Life was served on June 11, 2026, and Kansas City Life was served on June 16, 2026.

On June 29, 2026, Grange Life and Kansas City Life removed this case alleging complete diversity of citizenship between Plaintiff, a Florida citizen, and the "properly served and joined Defendants" along with an amount in controversy in excess of $75,000, exclusive of interest and costs. Defendant Grange Life is a citizen of Ohio, Kansas City Life is a citizen of Missouri, and Patricia Mack is domiciled in Ohio. (Doc. 1 at ¶¶ 11, 12–14). At the time of removal, the Patricia Mack 2022 Irrevocable Trust (the "Trust") had not been served but was known to be a citizen of Florida. (*Id.* at 15–17). [1]

Plaintiff seeks remand because, at the time of removal, it was known that diversity of citizenship was absent and, therefore, subject-matter jurisdiction was lacking. Defendants assert that removal was timely, filed within 30 days of the first-served Defendant, and that all served Defendants consented to the removal. In their Notice of Removal, Defendants seek to have the Court disregard the Trust's citizenship because it had not yet been served and because the Trust is otherwise fraudulently joined.

[1] Joie A. Gregor, as Trustee of the Patricia Mack 2022 Irrevocable Trust was served on July 21, 2026. (Doc. 16).

## Legal Standard

Defendants Grange Life and Kansas City Life removed this case based on diversity jurisdiction. 28 U.S.C. § 1332(a). Under 28 U.S.C. § 1441(a), if the Court has original jurisdiction over a matter filed in state court, the action may be removed if "all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2). However, an action removed "solely" on the basis of diversity jurisdiction "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2).

This "forum defendant rule" has been interpreted by some as only barring removal *after* proper service of the defendant. *Goodwin v. Reynolds*, 757 F.3d 1216, 1220 (11th Cir. 2014). "But nothing in the removal statute, or any other legal provision, requires that a defendant be served with the complaint before filing a notice of removal." *Whitehurst v. Wal-Mart*, 306 F. App'x 446, 448 (11th Cir. 2008) (citations omitted).

However, an exception to the forum defendant rule, known as "snap removal", allows a Defendant to use a "litigation tactic" to bypass the forum defendant rule by removing the case before service of process on the forum defendant. *D'Ovidio v. Royal Caribbean Cruises, Ltd.*, 640 F. Supp. 3d 1280, 1283 (S.D. Fla. 2022). There is no binding Eleventh Circuit precedent

approving snap removals, and district courts are divided on the issue. *Proctor v. Mccrea-Hinds*, No. 8:26-CV-00507-WFJ-NHA, 2026 WL 1282946, at *2 (M.D. Fla. May 11, 2026).

**Analysis**

The Trust is a citizen of Florida because its Trustee is a citizen of Florida. *Alliant Tax Credit 31, Inc v. Murphy*, 924 F.3d 1134, 1143 (11th Cir. 2019). As a "forum-defendant," the Trust defeats diversity jurisdiction if it was "properly joined and served" before removal. It is undisputed that the case was timely removed before the Trust was served with process. And the other Defendants were all served, and all consented to removal. By allowing removal before the forum defendant is served, courts "have interpreted it as an effort to prevent gamesmanship by plaintiffs." *Goodwin v. Reynolds*, 757 F.3d 1216, 1221 (11th Cir. 2014).

In this case, there is nothing suspect about the timing of the removal because it was after service of process on most defendants. (Doc. 1-3 at 2). Without any indication of bad faith in the removal or of fraudulent joinder for the sole purpose of triggering the forum defendant rule, i.e., *Goodwin*, 757 F.3d at 1222, the Court finds that the removal was proper. Defendant alternatively argues fraudulent joinder because the Trust is not named in all counts, and Plaintiff admits that the Trust cannot rescind the insurance policy. Having

found that the removal was proper and that the forum defendant rule does not bar removal, the Court need not address the issue of fraudulent joinder.

Accordingly, it is now

**ORDERED:**

Plaintiff's Motion for Remand (Doc. 13) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida on August 27, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record