UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ALEXANDRA J. DROUHARD,

Plaintiff,

v. Case No.: 2:26-cv-2098-SPC-NPM

GRANGE LIFE INSURANCE COMPANY, KANSAS CITY LIFE INSURANCE COMPANY, PATRICIA MACK, and JOIE A. GREGOR as Trustee of the Patricia Mack 2022 Irrevocable Trust,

Defendants.
_________________________________/

**OPINION AND ORDER**

Before the Court is the Response (Doc. 56) by Grange Life Insurance Company ("Grange Life") and Kansas City Life Insurance Company ("Kansas City") to the Court's Order (Doc. 51) directing them to show cause why the case should not be remanded for lack of subject matter jurisdiction based on the amount in controversy. For the reasons stated below, the case will be remanded.

**BACKGROUND**

This dispute centers around a 2012 life insurance policy initially issued by Defendant Grange Life and now held by Defendant Kansas City. Plaintiff Alexandra J. Drouhard is the named insured. The policy provides death

benefits of $250,000, an accelerated death benefit rider of $125,000, and a children's insurance benefit rider of $10,000. Plaintiff alleges that she was 24 years old at the time the application for insurance was submitted but she did not apply, did not consent to it, and did not sign the application for a policy. (Doc. 6 ¶¶ 1–3, 13, 15, 17).

The Application for Individual Life Insurance (Doc. 6, Ex. at 20) listed Plaintiff as the insured and Patricia Mack as the owner of the policy. (*Id.* ¶ 12). Mack arranged for the Policy on Plaintiff's life and paid all premiums on the Policy from its inception. (*Id.* ¶ 19). Plaintiff was briefly identified as the Policy owner and annual reports on policy activity were mailed to her address. While an owner, Plaintiff changed the beneficiary designation. (*Id.* ¶¶ 20–21).

Sometime after November 2020, ownership was transferred back to Mack without Plaintiff's knowledge and consent. In 2022, Mack transferred the Policy to the Trust. (*Id.* ¶¶ 23–24). Defendant Joie A. Gregor is the Trustee of the Patricia Mack 2022 Irrevocable Trust ("the Trust") that now owns the Policy. (*Id.* ¶ 4 and at 37). Defendant Patricia Mack, Plaintiff's mother, is the grantor of the Trust. (Doc. 6 ¶ 5; Doc. 1-1 at 34).

In the First Amended Complaint For Declaratory Judgment and Rescission of Life Insurance Policy (Doc. 6), Plaintiff seeks a declaration that the Policy is void *ab initio* because the signature on the application was forged. Alternatively, Plaintiff seeks rescission of the policy because the policy is void

and should be cancelled. Lastly, Plaintiff seeks injunctive relief pending resolution of this action. Because Plaintiff has terminal cancer, the Policy's accelerated death benefit rider of $125,000, has been triggered, allowing Gregor to collect the benefits sooner.

## LEGAL STANDARD

"A removing defendant bears the burden of proving proper federal jurisdiction." *Leonard v. Enter. Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002) (citations omitted). "Where a plaintiff fails to specify the total amount of damages demanded, as is the case here, a defendant seeking removal based on diversity jurisdiction must prove by a preponderance of the evidence that the amount in controversy exceeds the $75,000 jurisdictional requirement." *Id.* "If a defendant alleges that removability is apparent from the face of the complaint, the district court must evaluate whether the complaint itself satisfies the defendant's jurisdictional burden." *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010).

"Many courts have held that it is the value of the claim at issue, not the value of the policy limit, that is considered for purposes of determining the amount in controversy." *Goodin v. Fid. Nat. Title Ins. Co.*, No. 3:11-CV-149-J-32JRK, 2012 WL 473913, at *3 (M.D. Fla. Feb. 14, 2012), *aff'd*, 491 F. App'x 139 (11th Cir. 2012) (collecting cases).

"In the context of life insurance, there are twin certainties: (1) the risk insured against will occur; and (2) the amount of the insurer's obligation will be the amount stated in the policy." *Associated Indus. Ins. Co., Inc. v. Wilson's Pool Design, LLC*, 690 F. Supp. 3d 1338, 1343 (S.D. Ala. 2023); *see also New York Life Ins. Co. v. Swift*, 38 F.2d 175, 177 (5th Cir. 1930)[1] ("The only fixed and definite liability of the insurer is to pay the face of the policy.").

**ANALYSIS**

Defendants acknowledge that "Plaintiff is not the party to whom the Policy death benefit would be paid," but argue "the $250,000 face value of the Policy is the amount in controversy." (Doc. 56 at 3, 4). Interestingly, in the Motion to Dismiss, Defendants take the position that "[a]t bottom, Plaintiff offers no reason why she has any interest in the existence of the policy, save whatever satisfaction she might derive from thwarting her mother's efforts to assist her grandson." (Doc. 31 at 4). Defendants go on to say that "[t]he only practical consequence of this lawsuit, if successful, would be the elimination of a $250,000 financial safety net that currently protects Plaintiff's child – and perversely the elimination of any potential benefit to Plaintiff herself." (*Id.* at 4–5). Defendants argue that "[t]here is no 'substantial likelihood' that Plaintiff

---

[1] In *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

will suffer any future injury from the continued existence of Policy because she has no legal or economic relationship to it whatsoever." (*Id.* at 7).

Plaintiff seeks to rescind the Policy because she alleges that she did not consent to being the insured. A life insurance policy "may not be carried out unless, on or before the time of entering into such contract, the person insured, having legal capacity to contract, applies for or consents in writing to the contract and its terms[.]" Fla. Stat. § 627.404(5). "Where the owner of an insurance policy lacks an insurable interest in the life of the insured, the policy is void *ab initio* because it is considered a "wagering contract" and contrary to public policy." *TTSI Irrevocable Tr. v. ReliaStar Life Ins. Co.*, 60 So. 3d 1148, 1150 (Fla. Dist. Ct. App. 2011) (collecting cases).

"When a contract is rescinded, it is as if the contract never existed in the first place." *United Auto. Ins. Co. v. Salgado*, 22 So. 3d 594, 603 (Fla. Dist. Ct. App. 2009). Once rescinded, the parties must restore the *status quo*, i.e., by refunding premiums paid minus the value of insurance provided. *Perlman v. Prudential Ins. Co. of Am.*, 686 So. 2d 1378, 1380 (Fla. Dist. Ct. App. 1997). Plaintiff does not own the Policy, has not paid any of the premiums, and obtains no substantive benefit from any rescission. Therefore, rescinding a Policy that is contrary to public policy would place her back in the original position of not having her life insured by another. In other words, the relief offers Plaintiff nominal compensation at best.

While Defendants would benefit if Plaintiff prevailed because benefits would no longer be paid, that is not the test for the amount in controversy. As Defendants acknowledge, rescinding the Policy does not result in a windfall for Plaintiff because Plaintiff does not own the Policy, did not pay the premiums, and is not a beneficiary under the Policy. So, the Court finds that Defendants have failed to meet their burden to demonstrate that the amount in controversy is met.

Accordingly, it is now

**ORDERED:**

Finding a lack of subject matter jurisdiction, the case is **REMANDED** to the Charlotte County Circuit Court for all further proceedings. (*See* 26000543CA). The Clerk shall terminate all pending motions and deadlines and close the case.

**DONE** and **ORDERED** in Fort Myers, Florida on September 14, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record